UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ANTHONY A. ANDERSON, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:25-CV-664-PPS-AZ |
| KIMBERLY PFLUGHAUPT, *et al.*, | |
| Defendants. | |

## OPINION AND ORDER

Anthony A. Anderson, a prisoner without a lawyer, filed a complaint for monetary damages alleging that he received constitutionally inadequate medical care while housed at Indiana State Prison. [DE 1]. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Anderson suffers from eczema and asthma. He alleges that he had an eczema outbreak in early 2024 and submitted a health care request form to receive medical help. He was seen in March and the provider (who is not identified in the complaint) indicated that Anderson would receive allergy medication to control his eczema. By the end of April, his symptoms had worsened, and he submitted another health care

request form. At the beginning of May 2024, Nurse Kimberly Pflughaupt gave Anderson Prizone. His condition worsened. At a follow up appointment on May 15, 2024, Anderson learned that Nurse Pflughaupt gave him the wrong medication. [DE 1 at 2].

In June 2024, a provider who is not identified indicated that Anderson would be having a biopsy. When Anderson filed his complaint on July 30, 2024, the biopsy had not yet been performed. [*Id*. at 3].

Sometime after Anderson received the wrong medication, he had a follow up appointment with Dr. Nancy Marthakis. His eczema was very bad at the time. Dr. Marthakis blamed Nurse Pflughaupt for giving him the wrong medication. Anderson threatened to file a grievance because he was unhappy with his care. Dr. Marthakis indicated that, if he did, Anderson would not get any help. [*Id*.] Anderson asked Dr. Marthakis to take pictures of his severe eczema for his medical file. She refused. Following this appointment, Anderson indicates that he continued to request medical care by submitting health care request forms, but his requests were not addressed.

Anderson is suing Nurse Kimberly Pflughaupt for giving him the wrong medication, which caused his symptoms to worsen. He is also suing Dr. Nancy Marthakis for refusing to treat his condition. [*Id*. at 4-5].

Under the Eighth Amendment, inmates are entitled to constitutionally adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to

2

that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed [and] decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). For a medical professional to be held liable for deliberate indifference to an inmate's medical needs, he or she must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). Inmates are "not entitled to demand specific care," *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 965 (7th Cir. 2019), nor are they entitled to "the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Negligence does not state a claim. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (Negligence or medical malpractice do not constitute deliberate indifference).

Anderson cannot proceed against Nurse Pflughaupt. He alleges only that she provided him with the wrong medication. It cannot be plausibly inferred from this allegation that Nurse Pflughaupt was anything more than negligent.

Dr. Nancy Marthakis allegedly told Anderson that, if he filed a grievance against her, he would not get any help. Anderson indicates that he has filed several grievances,

3

although it is unclear when these grievances were submitted. Anderson also alleges that he has submitted multiple health care requests, but they are not being addressed. Giving Anderson the benefit of all favorable inferences, as I must at this stage of the case, I find that he has stated a claim against Dr. Marthakis.[1]

Finally, Anderson has named Centurion Health as a defendant because it employs the defendants. A private company performing a public function can be held liable if its own policies caused an alleged constitutional violation. *See Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). The purpose of the official policy requirement is to "distinguish between the isolated wrongdoing of one or a few rogue employees and other, more widespread practices." *Howell v. Wexford Health Sources, Inc.*, 987 F.3d 647, 654 (7th Cir. 2021). Anderson has not alleged facts from which it can be plausibly inferred that Centurion Health had a policy that led to a violation of his constitutional rights. Therefore, he may not proceed against Centurion Health.

For these reasons, the court:

(1) **GRANTS** Anthony A. Anderson leave to proceed against Dr. Marthakis in her individual capacity for compensatory and punitive damages for deliberate

---

[1] Anderson's allegations may also state a claim against Dr. Marthakis for retaliation, but it is unnecessary to add a First Amendment retaliation claim here because the underlying alleged retaliatory act states an Eighth Amendment claim. Proceeding on different constitutional theories based on the same facts is redundant. *See Hambright v. Kemper*, 705 F. App'x 461, 462 (7th Cir. 2017) (affirming dismissal of Eighth Amendment claim because the same facts comprised a more applicable First Amendment claim); *Conyers v. Abitz*, 416 F.3d 580, 586 (7th Cir. 2005) (dismissing additional claims based on same circumstances because the claim "gains nothing by attracting additional constitutional labels"); and *Graham v. Connor*, 490 U.S. 386, 395 (1989) (analyzing allegations under the most "explicit textual source of constitutional protection").

indifference to Anderson's serious medical need for treatment of his eczema, in violation of the Eighth Amendment;

(2) **DISMISSES** all other claims;

(3) **DISMISSES** Nurse Kimberly Pflughaupt and Centurion Health;

(4) **DIRECTS** the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Dr. Marthakis at Centurion Health of Indiana, LLC, with a copy of this order and the complaint [DE 1];

(5) **ORDERS** Centurion Health of Indiana, LLC to provide the full name, date of birth, and last known home address of the defendant, if she does not waive service and if it has such information; and

(6) **ORDERS**, under 42 U.S.C. § 1997e(g)(2), Dr. Marthakis to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

**SO ORDERED** on November 3, 2025.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT