UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ANTHONY A. ANDERSON,<br><br>Plaintiff,<br><br>v.<br><br>NANCY MARTHAKIS,<br><br>Defendant. | CAUSE NO. 3:25-CV-664-PPS-AZ |

OPINION AND ORDER

Anthony A. Anderson, a prisoner without a lawyer, is proceeding in this case "against Dr. Marthakis in her individual capacity for compensatory and punitive damages for deliberate indifference to Anderson's serious medical need for treatment of his eczema, in violation of the Eighth Amendment[.]" ECF 6 at 4-5. On March 4, 2026, Dr. Marthakis filed a motion for summary judgment. ECF 16. With the motion, Dr. Marthakis provided Anderson the notice required by N.D. Ind. L.R. 56-1(a)(4). ECF 16. Attached to the notice was a copy of Federal Rule of Civil Procedure 56 and Northern District of Indiana Local Rule 56-1.

Pursuant to Local Rule 56-1(b), a party opposing a summary judgment motion must, within 28 days after the movant serves the motion, separately file (1) a response brief; and (2) a Response to Statement of Material Facts, which includes a citation to evidence supporting each dispute of fact. The court extended Anderson's deadline to respond to Dr. Marthakis' summary judgment motion until May 29, 2026. ECF 22. This

extended deadline passed over five months ago, but Anderson still has not filed any response. Therefore, I will now rule on Dr. Marthakis' summary judgment motion.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, I must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading but must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). The law takes a "strict compliance approach to exhaustion." *Lockett v. Bonson*, 937 F.3d 1016, 1025 (7th Cir. 2019). To exhaust

remedies, "a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Id.*

Dr. Marthakis provides an affidavit from the Grievance Specialist at Indiana State Prison (ISP) and Anderson's grievance records, which show the following facts: During all relevant times, an Offender Grievance Process was in place at ISP and available to Anderson. ECF 19-1 at 2. The Offender Grievance Process required Anderson to complete three steps before filing this lawsuit: (1) a formal grievance; (2) a Level I appeal to the warden; and (3) a Level II appeal to the Department Grievance Manager. *Id.* at 2. Anderson submitted two grievances relevant to his claim against Dr. Marthakis, but did not fully exhaust either grievance. *Id.* at 2-3.

First, on July 10, 2024, Anderson submitted Grievance 187800, complaining he was not receiving adequate medical care and requesting as relief that the "malpractice" and "deliberate indifference" of Dr. Marthakis be ameliorated. ECF 19-1 at 3; ECF 19-3 at 1. On August 27, 2024, the grievance office returned this grievance to Anderson with an explanation that he needed to request appropriate relief and that he could not grieve for staff discipline. ECF 19-1 at 3; ECF 19-3 at 3. The "Return of Grievance" form informed Anderson he could correct and resubmit the grievance within five business days, but he did not do so. *Id.* Because Anderson did not exhaust his available remedy of revising and resubmitting Grievance 187800, the Grievance Specialist concludes he did not fully exhaust this grievance. ECF 19-1 at 3, 5.

Second, on February 1, 2025, Anderson submitted Grievance 218280, complaining he was receiving the wrong medication. ECF 19-1 at 3-4; ECF 19-4 at 1.

Before Anderson received any response to Grievance 218280, he submitted two appeal forms, which were premature and therefore were not the proper way to initiate a Level I appeal. ECF 19-1 at 4; ECF 19-4 at 4-5. On June 24, 2025, the grievance office issued a receipt for Grievance 218280, noting its response was due by July 24, 2025. ECF 19-4 at 8. On July 3, 2025, the grievance office issued a "Grievance Specialist Response Notice" denying Grievance 218280 on its merits. ECF 19-1 at 4; ECF 19-4 at 8. The "Grievance Specialist Response Notice" provided written instructions for Anderson on what he needed to do to appeal the response, but Anderson never submitted any Level I appeal form after the grievance office denied Grievance 218280. ECF 19-1 at 4-5; ECF 19-4 at 8.

Here, Dr. Marthakis has provided undisputed evidence Anderson submitted two relevant grievances but did not fully exhaust either grievance. Regarding Grievance 187800, the grievance office returned this grievance to Anderson with instructions to revise and resubmit the grievance to include a proper request for relief, but Anderson did not do so. Anderson does not argue Grievance 187800 was improperly rejected, and does not explain why he did not revise and return the grievance as instructed. *See Steiskal v. Lewitzke*, 553 F. App'x 611, 616 (7th Cir. 2014) (affirming dismissal where the inmate did not revise and resubmit his grievance and declining to resolve doubts about the prison officials' interpretation of the grievance procedures because the inmate had not challenged that interpretation). And regarding Grievance 218280, the grievance office denied this grievance on its merits and Anderson never appealed that response. Anderson provides no evidence he made any efforts to appeal the denial of Grievance

218280 after it was denied by the grievance office,[1] or that his appeal remedy was in any way unavailable to him. Therefore, the undisputed evidence shows Anderson had administrative remedies available to him which he did not exhaust before he filed this lawsuit. Summary judgment is thus warranted in favor of Dr. Marthakis, and this action will be dismissed without prejudice. *See Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004).

For these reasons, the court:

(1) GRANTS Dr. Marthakis' motion for summary judgment (ECF 16);

(2) DISMISSES this action WITHOUT PREJUDICE for failure to exhaust administrative remedies; and

(3) INSTRUCTS the clerk to enter judgment in favor of Dr. Marthakis and against Anthony Anderson and to close this case.

SO ORDERED.

ENTERED: October 26, 2026.

/s/ Philip P. Simon
UNITED STATES DISTRICT JUDGE

[1] The record does indicate Anderson made efforts to submit an appeal form *before* the grievance office received and denied Grievance 218280, but this does not comply with the requirements of the Offender Grievance Process. *See Ali v. Mygrant*, No. 3:23-CV-885-PPS-APR, 2026 WL 444750, at *3 (N.D. Ind. Feb. 17, 2026) (holding that the inmate's Level I appeal form "did not comply with the requirements of the Offender Grievance Process because he submitted this appeal form *before* he received the grievance office's response denying" his grievance).